[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12909
Non-Argument Calendar

_____

D.C. Docket No. 3:12-cv-00065-DHB-WLB

RODERICK MCKISSICK,

Plaintiff-Appellant,

versus

COMMISSIONER, GEORGIA DEPARTMENT
OF CORRECTIONS, et al.,

Defendants,

WARDEN,
DAVID SPIRES,
Captain,
RODNEY MCCLOUD,
Unit Manager,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 29, 2014)

Before WILSON, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Roderick McKissick, a Georgia prisoner proceeding pro se, appeals the district judge's order granting three prison officials' motion to dismiss his 42 U.S.C. § 1983 action. McKissick also has filed a motion for appointment of counsel, which we construe as a motion for reconsideration of the denial of his prior request for counsel in this court. We affirm the dismissal of McKissick's complaint and deny his motion for reconsideration.

## I. BACKGROUND

In July 2012, McKissick, then an inmate at Telfair State Prison ("TSP"),[1] filed motions for leave to proceed in forma pauperis ("IFP") and appointment of counsel, and a pro se § 1983 civil rights complaint. McKissick's complaint named as defendants Georgia Department of Corrections ("GDC") Commissioner Brian Owens; TSP Warden David Frazier; Assistant Warden Rodney McCloud; Captain David Spires; Deputy Wardens Dianne Dees, Samuel Sanders, and Annetta Toby; and Officers White, Couley, and Davis. McKissick sought to raise eight claims for relief, including (1) he had been housed in a shower for five days, in violation of his rights to be free from cruel and unusual punishment and to equal protection; (2) he had been denied adequate legal materials, in violation of his right of access

---

[1] McKissick has been transferred to Macon State Prison.

2

to the courts; (3) Kosher meals were improperly prepared, in violation of the Free Exercise Clause; (4) grievances were investigated inadequately, in violation of his right to due process; (5) food and tableware were handled in an unsanitary manner; (6) cleaning materials were issued infrequently, in violation of his right to be free from cruel and unusual punishment; (7) cells were ventilated inadequately, in violation of the Eighth Amendment; and (8) he had been denied hygiene products, in violation of the Eighth Amendment. The relief McKissick sought were compensatory damages, a prison transfer, injunctive relief, and release from GDC custody.

In his motion for appointment of counsel, McKissick alleged he could not afford counsel, and his incarceration greatly limited his ability to litigate his case. He also asserted the issues involved in his case were "extremely complex" and would require "significant research and investigation." R. at 25. McKissick represents his case would involve conflicting testimony, and counsel was needed to present evidence and cross-examine witnesses adequately. Moreover, McKissick alleged he had limited access to the prison law library, and he had limited legal knowledge.

A magistrate judge granted McKissick's request for IFP status, subject to the filing of additional financial documentation but denied McKissick's motion for appointment of counsel. Regarding McKissick's request for counsel, the

3

magistrate judge explained McKissick's filings showed he was capable of communicating with the court and presenting the essential merits of his position. Moreover, McKissick's concerns about evidence and witnesses were premature, because the court had not yet screened his IFP complaint.[2] The magistrate judge advised McKissick could renew his request if it later became apparent counsel was needed.

After McKissick filed a prisoner account statement and consented to the collection of fees from his account, the magistrate judge issued a report and recommendation ("R&R") recommending that McKissick's complaint be dismissed for failure to state a claim. McKissick filed R&R objections, in which he included several additional factual allegations in support of his claims. Consequently, the magistrate judge directed McKissick to file an amended complaint containing all claims he sought to have considered.

In January 2013, McKissick filed an amended complaint, in which he asserted he was suing each defendant in his or her official capacity. He again sought to raise eight claims. In Claim 1, McKissick alleged the defendants violated his rights to be free from cruel and unusual punishment and to equal

---

[2] A federal court must review a civil complaint filed by a prisoner to ensure it raises cognizable claims and is not frivolous. *See* 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (requiring a federal court to dismiss a case brought by a litigant proceeding IFP if the action or appeal is frivolous, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief).

protection by housing him for five days in an unsanitary shower, in retaliation for his refusal to be placed in the general population.  In Claims 2 and 8, McKissick asserted the defendants unlawfully restricted his legal mail and deprived him of adequate legal supplies and research materials, in violation of his rights to due process and access to the courts.  In his remaining claims, which are not at issue on appeal, McKissick again alleged violations of his religious rights and prison grievance procedures, mishandling of food and tableware, unsanitary conditions in segregation cells, inadequate ventilation, and deprivation of hygiene products.

McKissick alleged the following facts in support of his first claim.  On February 10, 2012, Warden Frazier asked McKissick why he was "refusing population."  R. at 159.  McKissick responded he had enemies in the prison.  The warden asked whether McKissick thought he and other inmates were running the prison.  McKissick stated he did not run anything and suggested the warden could transfer him to another prison.  Warden Frazier responded with a series of crude comments stating prisoners were not in charge of the prison, and he would teach them "about playing games" by requiring them to stay in the showers.  R. at 160. Warden Frazier then told several officers, including Unit Manager McCloud and Captain Spires, to put McKissick and other inmates in the showers until further notice.  None of the officers objected.

5

Later that day, Captain Spires escorted McKissick to the F-1 dormitory, where Unit Manager McCloud told Captain Spires to put McKissick in a "top shower." R. at 160. When they arrived at the shower, McKissick objected it was "nasty." R. at 161. He asked whether Captain Spires was aware housing inmates in showers for an extended period of time violated prison policy and the United States Constitution. Captain Spires responded: "Well, we don't have that down here." R. at 161.

McKissick attached 150 exhibits to his complaint and included in the complaint a brief description of each exhibit.[3] In several of these descriptions, McKissick alleged (1) he had been housed in a shower "around human waste," and "in the proximity of other humans' waste," which included semen, feces, blood, phlegm, and urine, R. at 161-62; (2) the showers had no toilets or sinks; (3) McKissick had to "eat, sleep, urinate and defecate" in the shower, R. at 162; and (4) he had informed several prison officials of these conditions.

One of the exhibits to McKissick's amended complaint was a February 21, 2012, grievance complaining of his confinement in the shower. The response to the grievance, which appears to have been signed by Warden Frazier, stated:

---

[3] The exhibits included (1) various prison grievances, witness statements, affidavits, inmate requests, and appeals filed by McKissick and the responses to those submissions; (2) a prison memorandum assigning McKissick to the "F-1 shower," R. at 199; (3) request forms for legal documents, Open Records Act inquiries, and indigent postage; and (4) lists of prohibited items, commissary items, and property inventories.

When you arrived at Telfair S.P., you were assigned to E2-12 [illegible]. You did not know the identity of the other inmates assigned to the dorm because you never reported to it. You were placed in a segregation shower, pending bed space in the admin/seg unit. Cleaning supplies & chemicals are issued to admin/seg inmates every Tuesday and Thursday. It is your responsibility to clean your living quarters.

R. at 194.

As to his claims regarding legal materials, McKissick alleged various officials impeded his access to legal mail and law library materials and failed to respond adequately to his Open Records Act requests, his requests for legal postage, and his complaints about his limited access to legal materials. McKissick requested one form of relief in his amended complaint: $3 million in compensatory damages for the "pain and suffering" he had been "forced to endure . . . in the overall situation for over 10 months." R. at 190.

The magistrate judge issued an order concluding McKissick's claims were individual-capacity claims, notwithstanding his assertion he was suing the defendants in their official capacities. The magistrate judge also found McKissick arguably had stated a viable claim for deliberate indifference against Warden Frazier, Unit Manager McCloud, and Captain Spires, based on his alleged five-day confinement in the prison showers. Consequently, the magistrate judge ordered service of process to be effected on those three defendants.

7

The magistrate judge simultaneously issued an R&R recommending that McKissick's remaining claims be dismissed.  The magistrate judge determined McKissick's remaining claims against Warden Frazier and his only claim against Commissioner Owens each failed, because they sought to impose supervisory liability without a causal connection.  McKissick had not stated claims against Deputy Wardens Dees, Sanders, and Toby, because he also had not shown a causal connection between any of their actions and his alleged constitutional deprivations.

The magistrate judge concluded McKissick had not stated an Eighth Amendment claim regarding any of his remaining conditions-of-confinement allegations, including those concerning meal preparation and unsanitary and inadequately ventilated cells.  McKissick's claim based on access to legal materials failed because he had alleged no injury to a non-frivolous legal action caused by any defendants.  He also had alleged insufficient facts to state § 1983 retaliation or a conspiracy claim against any defendant.  McKissick likewise had failed to state claims based on the mishandling of grievances, religious issues, and deprivation of property.

McKissick filed R&R objections, in which he repeated many of his prior allegations.  He also explained he previously had requested appointed counsel, because of the severe limitations on his access to legal-research materials, office supplies, and postage.  The district judge adopted the R&R over McKissick's

8

objections and dismissed all claims other than his shower-confinement claims against Warden Frazier, Unit Manager McCloud, and Captain Spires (the "defendants").

The defendants filed a pre-answer motion to dismiss and argued McKissick had alleged no adverse consequences resulting from his confinement in the showers, which was fatal to his Eighth Amendment claim. Because McKissick had alleged no physical injury, his action also was barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), whether he sought compensatory or nominal damages. The defendants alternatively contended they were entitled to qualified immunity, because they were acting within their discretionary authority, and their alleged actions did not violate clearly established law.

McKissick opposed the defendants' motion to dismiss. Responding to their claim that he had not alleged an injury, McKissick asserted: "The malicious infliction of cruel and unusual punishment is irreparable injury unto his constitutional rights being atrocious[ly] denied, deprived and violated that there is no healing from the constitutional violations at all." R. at 495. McKissick also challenged the defendants' claim to qualified immunity. On the same day he opposed the defendants' motion to dismiss, McKissick filed motions (1) for an order to direct defendants to answer his amended complaint and (2) to allow discovery to proceed.

9

The magistrate judge issued an R&R recommending the defendants' motion to dismiss be granted, and McKissick's motions be denied as moot. The magistrate judge concluded the defendants were entitled to qualified immunity. The magistrate judge also highlighted that McKissick had alleged no injury resulting from his confinement. Moreover, the magistrate judge noted, a response to McKissick's February 21, 2012, grievance stated McKissick had been given cleaning supplies twice per week, while housed in the shower. McKissick filed a sur-reply to the defendants' motion to dismiss as well as R&R objections, in which he reasserted several of his prior factual allegations and legal arguments.

The district judge adopted the R&R, granted the defendants' motion to dismiss, and denied as moot McKissick's motions for discovery and to require the defendants to file an answer. McKissick timely appealed; this court granted his request for IFP status but denied his request for appointed counsel on April 1, 2014.

McKissick argues on appeal that the magistrate judge's denial of appointed counsel violated his right of access to the courts, since he was unable to prepare adequate filings because of his inexperience and lack of legal materials. He represented the magistrate judge was more concerned with having funds deducted from McKissick's account than with justice. He claims his request was denied

unlawfully "as a strategic tactic to conspire with corrupt prison authorities."

Appellant's Br. at 2.

Regarding the dismissal of his complaint, McKissick argues he was subjected to inhumane treatment, when he was confined in a shower surrounded by human waste and other filth. He asserts the magistrate judge and district judge violated his right to due process by failing to address his opposition to the defendants' motion to dismiss, failing to address his R&R objections, and failing to review the exhibits to his complaint. McKissick also contends the district judge contradicted an unidentified previous ruling concerning the unsanitary conditions of his confinement. He argues the dismissal of his complaint showed the judge was conspiring with the state to conceal unconstitutional activities and obstruct justice. Defense counsel's assertion, that harsh conditions are part of the penalty paid by criminals, showed state officials have no concern for prisoners' treatment. McKissick's brief also refers to the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-1968, but he does not explain how or to whom it applies in this case. Finally, McKissick argues various unidentified prison officials obstructed justice and violated several of his rights by withholding legal postage and supplies from McKissick, who is indigent, and by "delaying indigent legal mail process" until a filing deadline had expired, resulting

11

in the district judge's ruling on his claims with an incomplete record. Appellant's Br. at 5.

## II. DISCUSSION

A. <u>Motion for Reconsideration of Denial of Appointed Counsel</u>

Because McKissick previously sought appointed counsel in this court, we construe his second motion as seeking reconsideration of our prior denial of his request for counsel. *Cf.* 11th Cir. R. 35-4(a) (stating we will construe a petition for rehearing en banc of the denial of a motion for appointment of counsel as a motion for reconsideration). A motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of the order. 11th Cir. R. 27-2. McKissick's motion was filed on June 30, 2014, nearly three months after the April 1, 2014, order denying appointed counsel, and he has not provided any information explaining or justifying the delay. Therefore, his motion for reconsideration of our denial of his request for counsel is denied as untimely. *See id.*

B. <u>Magistrate Judge's Denial of Request for Appointed Counsel</u>

We review the denial of a motion for appointment of counsel for abuse of discretion. *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (per curiam). A plaintiff in a civil case has no constitutional right to counsel. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Under 28 U.S.C. § 1915(e)(1), a judge may appoint counsel for an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Bass*,

170 F.3d at 1320. Appointment of counsel in a civil case is a privilege requiring exceptional circumstances, such as the presence of facts and legal issues so novel or complex they require the assistance of a trained practitioner. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). The key is whether the pro se litigant needs assistance presenting the essential merits of his case to the court. *Id.* The following factors are considered when determining whether exceptional circumstances exist: (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting his case; (3) whether the litigant is in a position adequately to investigate his case; and (4) whether the evidence will consist in large part of conflicting testimony requiring skill in the presentation of evidence and in cross-examination. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (incorporated by *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990)).

In his initial complaint, McKissick listed eight separately delineated claims for relief, and he identified the constitutional right applicable to seven of those claims. He also identified the relief he sought. None of the claims in the initial complaint appeared novel or complex. *See Kilgo*, 983 F.2d at 193. Although the claims were largely conclusory, they did not evince an inability by McKissick to communicate adequately with the court. *See id.*; *Ulmer*, 691 F.2d at 213. McKissick alleged no facts in his motion or initial complaint suggesting substantial

factual investigation would be needed. *See Ulmer*, 691 F.2d at 213. His assertions concerning the need to present evidence and cross-examine witnesses were premature, since the court had not yet screened his initial IFP complaint. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Although McKissick provided additional factual allegations regarding his prior request for counsel in his R&R objections, he never renewed his request, despite the magistrate judge's instruction that McKissick was free to do so. McKissick has not shown an abuse of discretion in the denial of his request for counsel.

C. Dismissal of McKissick's Complaint

We review a district judge's granting of a motion to dismiss de novo and accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *See Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008). Compensatory damages under § 1983 may be awarded only for actual injuries caused by the defendants' illegal conduct and cannot be based on the abstract value of the constitutional rights that were violated. *Slicker v. Jackson*, 215 F.3d 1225, 1230-31 (11th Cir. 2000); *see Whiting v. Traylor*, 85 F.3d 581, 586 & n.10 (11th Cir. 1996) (explaining recovery of § 1983 damages is limited to those injuries proved to be caused by the defendants). Under the PLRA, a prisoner may not bring a federal civil action for damages for mental or emotional injury suffered while in custody absent a showing of physical injury. 42 U.S.C. § 1997e(e);

*Harris v. Garner*, 190 F.3d 1279, 1287-88, 1290 (11th Cir.), *vacated*, 197 F.3d 1059 (11th Cir. 1999) (en banc), *reinstated in relevant part*, 216 F.3d 970, 972, 985 (11th Cir. 2000) (en banc).

We generally will not consider an issue that was not presented to the district judge. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Although pro se briefs are to be construed liberally, a pro se litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal. *See Timson*, 518 F.3d at 874. We may affirm on any ground that appears in the record. *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012).

In his amended complaint, McKissick sought only one form of relief: $3 million in "compensatory damages" for unidentified "pain and suffering." R. at 190. Regardless of whether he arguably alleged some mental or emotional injury, McKissick has alleged no physical injury resulting from any of the defendants' actions. *Cf. Al-Amin v. Smith*, 637 F.3d 1192, 1196-97 & n.5 (11th Cir. 2011) (explaining that applying the physical-injury requirement only in cases in which a plaintiff affirmatively has alleged mental or emotional injuries would lead to illogical results). Even if nominal damages would be available in this case under the PLRA, McKissick has abandoned any possible claim for them by failing to raise this claim on appeal. *See Timson*, 518 F.3d at 874. He also has abandoned

15

his equal-protection claim based on his confinement in a shower and all other claims in his amended complaint by failing to address these issues on appeal. *See id.*

The record directly refutes McKissick's assertions the magistrate judge and district judge failed to address his opposition to the defendants' motion to dismiss and his R&R objections. McKissick has not identified the prior decision he alleges the district judge contradicted. Nor has he shown a right to relief based on his conclusory assertions the district judge has conspired with the state and defense counsel's legal arguments show state officials have no concern for prisoners' treatment. He has given no arguments concerning his brief reference to the RICO Act, which he appears to have asserted for the first time on appeal. *See id.*; *Access Now, Inc.*, 385 F.3d at 1331. Accordingly, McKissick has not shown the district judge erred when he dismissed his § 1983 claims. *See* 42 U.S.C. § 1997e(e); *Slicker*, 215 F.3d at 1229; *Harris*, 190 F.3d at 1287-88.

D. Obstruction of Justice

McKissick's obstruction-of-justice claims concerning the defendants' conduct during the district court proceedings are not properly before us, because he did not raise them before the district judge. *See Access Now, Inc.*, 385 F.3d at 1331. In addition, McKissick has failed to identify the prison officials who committed the alleged obstructive acts, and he has not explained what facts or

16

arguments he was unable to present to the district judge as a result of any alleged obstruction. *See Timson*, 518 F.3d at 874. McKissick thus has failed to show how his obstruction-of-justice claims entitle him to relief on appeal. We affirm the dismissal of McKissick's amended complaint and deny his motion for reconsideration of our prior denial of his request for counsel.

**AFFIRMED; MOTION DENIED.**